IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LACHEITA WORTHMAN | § § | CIVIL ACTION NO. _____ |
| VS. | § § § | |
| WAL-MART STORES, INC. | § | DEFENDANT DEMANDS A JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, WAL-MART STORES TEXAS, L.L.C. (hereinafter "Defendant, improperly named as Wal-Mart Stores, Inc."), and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

## I.
## STATEMENT OF GROUND FOR REMOVAL

1. On or about November 6, 2017, Plaintiff, Lacheita Worthman, ("Plaintiff") commenced an action in the 165th Judicial District Court of Harris County, Texas, captioned "Cause No. 2017-74662; *Lacheita Worthman v. Wal-Mart Stores, Inc.*" in which she sought damages allegedly resulting from an incident that occurred on November 7, 2015 (the "Incident"), at Walmart Store #1837 (the "Store") in Humble, Texas. *See* Exhibit A, Plaintiff's Original Petition.

2. The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and diversity of citizenship exists between properly joined parties.

## II.
## PROCEDURAL REQUIREMENTS FOR REMOVAL

3. Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to Plaintiff and her counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court in Harris County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

4. This removal is timely as filed. Removal is timely as the first date upon which Defendant, or its agents, received Plaintiff's Original Petition and Citation was on January 11, 2018, which is less than 30 days before this removal notice. 28 U.S.C. § 1446(b).

## III.
## VENUE

5. This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

## IV.
## PARTIES

6. Plaintiff was a citizen of Harris County, Texas, at the time suit was commenced. *See* Exhibit A at Section I, Paragraph 1.

7. Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which its partners or members are citizens. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004).

8. Defendant, Wal-Mart Stores Texas, L.L.C., is, and at the time of filing of this action was, a limited liability company existing under the laws of the State of Delaware with its principal place of business in the State of Arkansas. The sole member of Wal-Mart Stores Texas,

L.L.C. is Wal-Mart Stores East, L.P., a Delaware limited partnership with its principal place of business is in the State of Arkansas. Wal-Mart Stores East, L.P. is comprised of general partner, WSE Management, L.L.C., and limited partner, WSE Investment, L.L.C., both of which are Delaware limited liability companies with their principal places of business in the State of Arkansas. The sole member of WSE Management, L.L.C. and WSE Investment, L.L.C. is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in the State of Arkansas.

9. The citizenship of the parties as alleged above remains unchanged at the time of removal.

## V.
## PLAINTIFF'S CAUSES OF ACTION

10. Plaintiff alleges that Defendant is liable to Plaintiff under a theory of premises liability after Plaintiff allegedly tripped and fell on a chicken bone on the floor of Defendant's Store. *See* Exhibit A at Section IV, Paragraph 6.

## VI.
## JURISDICTIONAL BASIS FOR REMOVAL

11. Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction of civil actions in which the parties are citizens of different states, and the amount in controversy exceeds $75,000. The removing defendant has the burden to show that proper federal diversity jurisdiction exists to sustain removal. *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The relevant jurisdictional facts are to be judged as of the time of removal. *Allen*, 63 F.3d at 1335. Subsequent events, such as filing an amended complaint specifically reducing the amount of damages sought, cannot deprive the court of jurisdiction once it has attached. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

**A.     AMOUNT IN CONTROVERSY EXCEEDS $75,000**

13.     Here, Plaintiff openly concedes that the amount in controversy exceeds $75,000.00. She specifically pleads that she seeks monetary relief over $1,000,000.00. *See* Exhibit A at Section III, Paragraph 5. Based upon Plaintiff's explicit pleading, Defendant has established that the amount in controversy exceeds $75,000.00.

**B.     DIVERSITY OF CITIZENSHIP**

14.     As set forth, *supra*, Plaintiff is a citizen of the State of Texas. Defendant is a citizen of the State of Arkansas. There are no non-diverse parties present in this action. As such, Defendant has established that complete diversity of citizenship exists between the parties to this action. Therefore, Defendant has satisfied the diversity element of its removal burden.

## VII.
## CONCLUSION

15.     Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Additionally, Defendant has established that diversity of citizenship exists between the parties in this case. Therefore, the Court should find that removal is proper in this case.

## VIII.
## PRAYER

WHEREFORE, Defendant, Wal-Mart Stores Texas, L.L.C. prays that this Court find that the above-styled action now pending in the District Court of Harris County, Texas, be removed therefrom to this Honorable Court.

Respectfully submitted,

BUSH & RAMIREZ, PLLC

/s/ Julie C. Warnock
John A. Ramirez
Attorney in Charge
Texas Bar No. 00798450
Fed. Bar No. 21280
Julie C. Warnock
Texas Bar No. 24063574
Fed. Bar No. 1107157
5615 Kirby Drive, Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
jramirez.atty@bushramirez.com
jwarnock.atty@bushramirez.com

ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 9th day of February, 2018.

Roberts Markland LLP
R. Clive Markland/Rob O. Cantu
2555 North MacGregor Way
Houston, Texas 77004

/s/ Julie C. Warnock
Julie C. Warnock

5